United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY CHATTEN STOCKMAN,<br>            Plaintiff,<br>    v.<br>DOLLY MATTEUCCI,<br>            Defendant. | Case No. 14-cv-02571-JSC<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>Dkt. No. 2 |

## INTRODUCTION

Plaintiff, an insanity acquittee incarcerated at Napa State Hospital and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983.[1] Plaintiff seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915(a). Good cause appearing, such leave will be granted.[2] For the reasons discussed below, the complaint is dismissed with leave to amend.

## STANDARD OF REVIEW

A federal court must dismiss a case filed in forma pauperis under 28 U.S.C. § 1915

---

[1] Petitioner has consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. No. 4.)

[2] As plaintiff is not a prisoner within the meaning of 28 U.S.C. § 1915, the entire filing fee will be waived and Plaintiff will not be required to pay the fee by way of monthly installments, unlike prisoners who must do so under 28 U.S.C. § 1915(b). *See Page v. Torrey*, 201 F.3d 1136, 1139-40 (9th Cir. 2000) (holding financial reporting and filing fee requirements of 28 U.S.C. § 1915(a)(2) and (b) apply only to "prisoners," i.e., individuals who, at time of filing civil action, are detained as result of being accused of, convicted of, or sentenced for criminal offense); *see also United States v. Budell*, 187 F.3d 1137, 1141 (9th Cir. 1999) (holding insanity acquittee not prisoner in custody under sentence).

at any time if the court determines the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

Plaintiff alleges that he is going to have a trial in Sonoma County Superior Court to restore his sanity, pursuant to California Penal Code § 1026.2. He claims that the "judges

2

and court commissioners" in Sonoma County are biased against him, and thus he seeks an injunction to change the venue of his trial from Sonoma County to Napa County.

Plaintiff's claim may be barred by the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971), under which federal courts must abstain from interfering with ongoing state criminal proceedings absent extraordinary circumstances. *Id.* at 45-46. Abstention under *Younger* is required when: (1) state judicial proceedings are ongoing; (2) the state proceedings involve important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal issue. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n.*, 457 U.S. 423, 432 (1982). Plaintiff indicates that state court proceedings are ongoing, and it is clear that the nature of the proceedings -- the detention of insane individuals charged with committing crimes -- involve important state interests. With respect to the third prong, Plaintiff must demonstrate that state judicial procedures "will not assure adequate vindication of constitutional rights." *Younger*, 401 U.S. at 49. Plaintiff's request to change the venue of his trial because of judicial bias may be raised in the state courts. Thus, all three of the *Younger* abstention criteria are present in this case, and the Court must abstain from reaching Plaintiff unless extraordinary circumstances warrant interference with his ongoing criminal proceedings.

Abstention may be inappropriate in the "extraordinary circumstance" that (1) the party seeking relief in federal court does not have an adequate remedy at law and will suffer irreparable injury if denied equitable relief, *see Mockaitis v. Harcleroad*, 104 F.3d 1522, 1528 (9th Cir. 1997) (citing *Younger*, 401 U.S. at 43-44), or (2) the state tribunal is incompetent by reason of bias, *see Gibson v. Berryhill*, 411 U.S. 564, 577-79 (1973). Plaintiff's bare allegations of bias do not, without more, establish that state court

1  procedures are an inadequate remedy for seeking a change of venue for his trial, that he
2  will suffer irreparable injury, or that the state courts are not competent to impartially
3  adjudicate either his sanity trial or a motion to change the trial's venue; however, Plaintiff
4  states in his complaint that he can "submit more information" about the state court's bias.
5  Therefore, he will be granted leave to file an amended complaint to do so.  He is cautioned,
6  however, that a party who alleges bias to avoid *Younger* abstention must overcome a
7  presumption of honesty and integrity in those serving as adjudicators in the state courts.
8  *See Hirsh v. Justices of the Supreme Court of Cal.*, 67 F.3d 708, 713 (9th Cir. 1995).  In
9  his amended complaint, therefore, Plaintiff must submit plausible allegations of bias that
10 are sufficient to overcome such a presumption.  He must also follow the instructions set
11 forth below.

## CONCLUSION

This case is DISMISSED WITH LEAVE TO AMEND.

Plaintiff shall file an amended complaint within **twenty eight (28) days from the date this order is filed**.  The amended complaint **must** include the caption and civil case number used in this order (No. C 14-2571 (PR) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page.  Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference.  Failure to amend within the designated time and in accordance with this order will result in the dismissal of this action.

It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice

of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: July 28, 2014

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

5