UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORY CHATTEN STOCKMAN,
    Plaintiff,

v.

DOLLY MATTEUCCI,
    Defendant.

Case No. 14-cv-02571-JSC

**ORDER OF DISMISSAL**

## INTRODUCTION

Plaintiff, an insanity acquittee incarcerated at Napa State Hospital and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983.[1] The complaint was dismissed with leave to amend, and Plaintiff filed a timely amended complaint. Plaintiff was cautioned that if the amended complaint did not cure the deficiencies in the original complaint, the case would be dismissed. For the reasons discussed below, the amended complaint does not state a cognizable claim for relief, and the case is dismissed without prejudice to Plaintiff pursuing his arguments in state court.

## STANDARD OF REVIEW

A federal court must dismiss a case filed in forma pauperis under 28 U.S.C. § 1915 at any time if the court determines the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

---

[1] Petitioner has consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. No. 4.)

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

Plaintiff alleges that he will be tried in Sonoma County Superior Court to restore his sanity, pursuant to California Penal Code § 1026.2. He claims that the "judges and court commissioners" in Sonoma County are biased against him, and thus he seeks an injunction to change the venue of his trial from Sonoma County to a different county. He does not seek money damages.

In the Order dismissing his claim with leave to amend, the Court made the following findings:

> Plaintiff's claim may be barred by the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971), under which federal courts must abstain from interfering with ongoing state criminal proceedings absent extraordinary circumstances. *Id.* at 45-46. Abstention under *Younger* is required when: (1) state judicial proceedings are ongoing; (2) the state proceedings involve important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal issue. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n.*, 457 U.S. 423, 432 (1982).

2

>Plaintiff indicates that state court proceedings are ongoing, and it is clear that the nature of the proceedings -- the detention of insane individuals charged with committing crimes -- involve important state interests. With respect to the third prong, Plaintiff must demonstrate that state judicial procedures "will not assure adequate vindication of constitutional rights." *Younger*, 401 U.S. at 49. Plaintiff's request to change the venue of his trial because of judicial bias may be raised in the state courts. Thus, all three of the *Younger* abstention criteria are present in this case, and the Court must abstain from reaching Plaintiff's claims unless extraordinary circumstances warrant interference with his ongoing criminal proceedings.
>
>Abstention may be inappropriate in the "extraordinary circumstance" that (1) the party seeking relief in federal court does not have an adequate remedy at law and will suffer irreparable injury if denied equitable relief, *see Mockaitis v. Harcleroad*, 104 F.3d 1522, 1528 (9th Cir. 1997) (citing *Younger*, 401 U.S. at 43-44), or (2) the state tribunal is incompetent by reason of bias, *see Gibson v. Berryhill*, 411 U.S. 564, 577-79 (1973). Plaintiff's bare allegations of bias do not, without more, establish that state court procedures are an inadequate remedy for seeking a change of venue for his trial, that he will suffer irreparable injury, or that the state courts are not competent to impartially adjudicate either his sanity trial or a motion to change the trial's venue; however, Plaintiff states in his complaint that he can "submit more information" about the state court's bias. Therefore, he will be granted leave to file an amended complaint to do so. He is cautioned, however, that a party who alleges bias to avoid *Younger* abstention must overcome a presumption of honesty and integrity in those serving as adjudicators in the state courts. *See Hirsh v. Justices of the Supreme Court of Cal.*, 67 F.3d 708, 713 (9th Cir. 1995). In his amended complaint, therefore, Plaintiff must submit plausible allegations of bias that are sufficient to overcome such a presumption.

(Dkt. No. 5.)

The amended complaint does not cure the deficiency in the original complaint because it does not set forth allegations that plausibly establish that the judges of Sonoma County Superior Court are biased against Plaintiff. The new "information" submitted by Plaintiff in the amended complaint consists of a list of the Sonoma County judges, a petition he filed in Sonoma County Superior Court requesting a change of venue to San Francisco County, and a Sonoma County Superior Court's order appointing counsel for Plaintiff. This information, even when liberally construed in Plaintiff's favor, does not remotely establish bias on the part of the judges. The amended complaint, as the original complaint, also states in conclusory fashion that the judges are biased, but does not allege anything more, such as their actions or statements that reflect bias, or rulings that are based on such bias as opposed the application of relevant law. In sum, the

3

1 amended complaint does not allege anything that overcomes the presumption of state court judges'
2 honesty and integrity.  *See Hirsh*, 67 F.3d at 713.  As a result, Plaintiff has not set forth
3 "extraordinary circumstances" warranting an exception to *Younger's* requirement that this Court
4 abstain from interfering with Plaintiff's ongoing criminal proceedings in state court.  Accordingly,
5 the case will be dismissed.  *See Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791,
6 799 (9th Cir. 2001) (where a district court finds *Younger* abstention appropriate as to a request for
7 declaratory or injunctive relief, the court may not retain jurisdiction and must dismiss the action). [2]

## CONCLUSION

For the foregoing reasons, this case is DISMISSED without prejudice to Plaintiff bringing his claims in state court.  The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED**.

Dated: October 9, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

---

[2] The amended complaint, filed on August 18, 2014, indicates that his trial was set to commence on August 22, 2014.  Because Plaintiff has not since indicated that the trial has in fact taken place, the discussion in this Order assumes that the trial has been continued.  If the trial has been completed, then the case must be dismissed as moot because the relief Plaintiff seeks --- moving the trial --- can no longer be provided.